UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO MADRIGAL-TORRES, A-220-151-549,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,<br><br>Respondents. | No. 1:26-cv-5079 DAD AC<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 2. Specifically, petitioner contends that ICE's revocation of his prior release violates the Immigration and Nationality Act ("INA"), Administrative Procedure Act ("APA"), and his federal due process rights under the Fifth Amendment. Id. at 4. As discussed below, the court recommends that petitioner's request for habeas relief be granted, and that petitioner be immediately released under the same conditions to which he was subject immediately prior to his December 2025 re-detention.

I. Factual Background

Petitioner is a native and citizen of Mexico. ECF No. 6 at 6. He entered the United States without inspection in 1992 and has worked and resided in the United States for approximately thirty years. ECF No. 2 at 2-3. He has had primary legal and physical custody of his children, who are all United States citizens, since 2011. Id. at 3.

Petitioner was convicted of residential burglary on December 11, 2023,[1] placed in removal proceedings and detained by DHS. ECF No. 6-1 at 5-6, 14. Petitioner was subsequently granted bond by an immigration judge and released from custody on February 12, 2024, based on the immigration judge's finding that DHS did not meet its burden of establishing by clear and convincing evidence that petitioner's release would pose a danger to the community or a significant flight risk. ECF No. 2-1 at 1-2; ECF No. 6 at 29, 36-37. Petitioner was subsequently arrested and re-detained during an appointment with ICE on December 22, 2025, based on violations of his alternatives to detention ("ATD").[2] ECF No. 6 at 29.

Petitioner requested review of his custody determination by an Immigration Judge. ECF No. 6 at 32. On April 29, 2026, petitioner was granted a 42B Cancellation of Removal. ECF No. 2-1 at 3-6; ECF No. 6 at 1. Respondents have appealed that decision to the Board of Immigration Appeals, and the appeal remains pending. ECF No. 2-1 at 7-8. Meanwhile, petitioner has been detained for over seven months. He is currently detained at the California City Immigration Processing Center. ECF No. 2 at 1.

II. Procedural History

On July 1, 2026, the court received petitioner's petition for writ of habeas corpus under 28

[1] According to documentation provided by respondents, petitioner was initially convicted of possession for sale of a controlled substance (cocaine) by the Ventura County Superior Court but subsequently re-sentenced for first degree burglary. ECF No. 6-1 at 5-6, 14. He was also previously arrested by U.S. Border Patrol near Calexico, California, on January 23, 2001, and granted a voluntary return to Mexico, but re-entered the United States without inspection. Id. at 6.

[2] Although the petitioner asserts in the petition that he was detained in "November 2025" (ECF No. 2 at 1), the records provided by respondent reflect that petitioner was arrested at the DHS Ventura Sub-Office on December 22, 2025. ECF No. 6 at 28, 32 (Notice of Custody Determination).

U.S.C. § 2241 challenging his detention. ECF No. 2. Petitioner contends that his continued detention violates 8 U.S.C. § 1226(a), as the mandatory detention provision of 8 U.S.C. § 1225(b)(2) does not apply to him because he was residing in the United States prior to being apprehended and placed into removal proceedings by respondents. Id. at 14-15. His second claim is that his detention is arbitrary and capricious and therefore violates the APA, 5 U.S.C. § 706(2). Id. at 15-16. Finally, petitioner alleges that his re-detention despite his prior grant of bond by an immigration judge violates his Fifth Amendment due process rights. Id. at 16.

On July 6, 2026, the undersigned directed respondents to show cause why the writ should not be granted. ECF No. 5. Respondents filed an opposition to the petition, arguing that petitioner is an "applicant for admission" subject to mandatory immigration detention under 8 U.S.C. § 1225(b), and as such, petitioner "does not possess the right to freedom from immigration detention in any form other than the form provided by Congress." ECF No. 6 at 2 (citing DHS v. Thuraissigiam, 591 U.S. 103, 139 (2020) and Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953)). However, respondents also concede that "this case is in the category of immigration habeas cases for which the Court has typically ordered immediate release." Id. at 1.[3] To date, petitioner has not filed a reply to respondents' opposition.

III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

[3] Although respondents reference petitioner's December 2023 conviction and ATD violations in their opposition brief, they do not contend that petitioner is subject to mandatory detention based on his criminal history – presumably because his 2023 residential burglary conviction preceded enactment of the Laken Riley Act in January 2025.

## IV. Discussion

### A. Violation of the INA

As noted above, in addition to his due process and APA claims, petitioner contends that because he was already present in the interior of the United States for decades, his current detention violates the INA because he is subject to § 1226(a), and not § 1225(b)(2) as an "applicant for admission" as respondents contend. ECF No. 2 at 7-15.

8 U.S.C. § 1225 governs the procedures by which the government may mandatorily detain "an applicant for admission." Section 1225(a)(1) defines "an applicant for admission" as a noncitizen "present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including [a noncitizen] who is brought to the United States after having been interdicted in international or United States waters)." 8 U.S.C. § 1225(a)(1). "[A]pplicants for admission fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2)." Jennings v. Rodriguez, 583 U.S. 281, 287 (2018). Both categories are subject to mandatory detention until a certain point or until certain proceedings have concluded. Id. Despite mandatory detention, applicants for admission may be temporarily released on parole "for urgent humanitarian reasons or significant public benefit." Id. at 288 (citing 8 U.S.C. § 1182(d)(5), 8 C.F.R. §§ 212.5(b), 235.3 (2017)). The "express exception to detention" under 8 U.S.C. § 1182(d)(5) "implies that there are no *other* circumstances under which [noncitizens] detained under § 1225(b) may be released." Id. at 300. Accordingly, there is no statutory right to a bond hearing for noncitizens detained under § 1225(b). Id. at 296-97. By regulation, release is available only where "the aliens present neither a security risk nor a risk of absconding." 8 C.F.R. § 212.5(b).

Section 1226, on the other hand, "provides the general process for arresting and detaining aliens who are present in the United States and eligible for removal" and, under subsection (a), the government has broad discretion to detain or release. Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing Jennings, 583 U.S. at 288). It also provides that "a detainee may request a bond hearing before an immigration judge at any time before a removal order becomes final" and "an individual detained pursuant to § 1226(a) may request an additional bond

hearing whenever he experiences a material change in circumstances." Id. at 1197 (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19). "Until this year, the DHS has applied § 1226(a) and its discretionary release and review of detention to the vast majority of noncitizens allegedly in this country without valid documentation." Salcedo Aceros v. Kaiser, No. 25-cv-06924 EMC, 2025 WL 2637503, at *3 (N.D. Cal. Sep. 12, 2025).

The Ninth Circuit recently issued binding precedent resolving the question of what provision of the INA applies to noncitizens like petitioner. In Rodriguez Vazquez v. Bostock, __ F.4th __, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court of Appeals rejected DHS's interpretation of § 1225(b)(2) as extending mandatory detention to noncitizens like petitioner who entered the United States without inspection, were not apprehended on arrival, and are not otherwise subject to mandatory detention. Specifically, the Ninth Circuit held that "unadmitted aliens entering the United States at the border" are subject to § 1225(b), but "unadmitted aliens present in the interior of the country are subject to § 1226(a)." 2026 WL 2196424, at *26.

Although the Ninth Circuit's decision in Rodriguez Vazquez does not mandate a particular remedy, it is consistent with the wealth of precedent from this district granting habeas relief to noncitizens like petitioner who entered the United States without inspection and resided within the interior of the United States for many years before ICE detained them as an "applicant for admission." See e.g., Ramirez Pena v. Warden, Golden State Annex Detention Facility, No. 1:26-cv-4194 DAD CKD, 2026 WL 1637497, at *1-2 (E.D. Cal. June 5, 2026) (ordering petitioner's immediate release based on petitioner's INA claim); Valencia Cardenas v. Chestnut, 1:26-cv-2073 DAD SC, 2026 WL 785871, *1-2 (E.D. Cal. Mar. 20, 2026) (ordering petitioner's immediate release based on petitioner's INA claim that he was wrongfully detained pursuant to 8 U.S.C. § 1225(b)); Quichimbo-Jimenez v. Warden, No. 2:26-cv-0739 DAD EFB, 2026 WL 679378 (E.D. Cal. Mar. 10, 2026) (ordering petitioner's release based on a finding that petitioner was subject to 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1225(b)). Indeed, respondents correctly acknowledged that "[t]his case is in the category of immigration habeas cases for which the Court has typically ordered immediate release." ECF No. 6 at 1.

Accordingly, the court follows Rodriquez Vazquez and adopts the reasoning of prior decisions from this court, such as Ramirez Pena, Valencia Cardenas, and Quichimbo-Jimenez, and rejects the government's contention that § 1225(b)(2)(A) is the applicable immigration detention authority for a non-citizen like petitioner who is already within the interior of the United States. For these reasons, the court finds that respondents have violated the INA by improperly subjecting petitioner to mandatory detention under § 1225(b).

Finally, the undersigned finds that release from confinement is the appropriate remedy for petitioner's unlawful confinement in this case. Petitioner was already granted bond by an immigration judge in February 2024 (ECF No. 2-1 at 1-2), and respondents failed to respond or otherwise contradict petitioner's argument that his bond was never cancelled by DHS. Moreover, petitioner was granted a 42B Cancellation of Removal by an Immigration Judge in April 2026. ECF No. 2-1 at 3-6. Under these circumstances, the appropriate remedy is petitioner's immediate release from custody because respondents have failed to provide any authority to justify petitioner's continued confinement. Because relief is appropriate on petitioner's statutory claim, the court declines to address petitioner's due process and APA claims, as they seek the same or similar relief (*i.e.*, petitioner's immediate release).

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 2 be GRANTED, as follows:
    a. Respondents shall IMMEDIATELY RELEASE petitioner JOSE ANTONIO MADRIGAL-TORRES, A-220-151-549, under the same conditions to which he was subject immediately prior to his December 22, 2025 detention. At the time of release, respondents must return all of petitioner's documents and possessions.
    b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.
    c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing

respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

d. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal

2. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his December 22, 2025 detention.

3. The Clerk of the Court is directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 5, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE